[No. 33536.   Department Two.   April 4, 1957.]

HENRY D. YOUNG, *Respondent*, v. PAUL KUEHNOEL *et al.*,
*Appellants.*[1]

*Abrams, McCush & Rinker,* for appellants.
*Livesey, Kingsbury & Livesey,* for respondent.

MALLERY, J.—The plaintiff sued the defendants for damages arising out of a motor vehicle collision. The defendants cross-complained for the injuries they sustained in the same accident.

The jury returned a verdict denying recovery to both parties. The trial court granted plaintiff's motion for a new trial. The defendants appeal.

The lower court must be affirmed if, from the evidence, we can say, as a matter of law, that the appellants were guilty of negligence, and respondent was not guilty of contributory negligence.

The respondent alleged that appellant Paul Kuehnoel was negligent by (1) failure to yield the right of way, and (2) failure to keep a proper lookout.

[1]Reported in 309 P. (2d) 377.

The version of the facts most favorable to appellants as to their negligence is as follows: At about 2:30 p. m. on April 21, 1954, appellant Paul Kuehnoel was driving a 1937 flatbed Ford truck in a northerly direction on James street in Bellingham, Washington, as he had done daily for twenty-one years. There was a stop sign where James street intersects the arterial Lakeway drive at right angles. At the stop sign, which was twenty feet back from the intersection, the visibility both ways of the arterial highway was not good, and, in accordance with his custom, he drove up and stopped his truck ten or twelve feet from the south side of the paved part of Lakeway drive. He saw a logging truck going west on Lakeway drive and waited for it to pass. He then had a clear view to the west to the top of the incline for about three hundred feet. He did not see any other vehicles and moved slowly into the intersection at about five to ten miles an hour, and, when his front wheels were across the center line fifteen feet from the edge of the pavement, his truck was struck by respondent's car. He said he looked to the west but did not see respondent's car prior to the impact.

These facts establish that appellant Paul Kuehnoel (1) failed to yield the right of way, and (2) he will not be heard to say that he looked and did not see what was there to be seen. *Graham v. Roderick,* 32 Wn. (2d) 427, 202 P. (2d) 253, 6 A. L. R. (2d) 1237. The appellant Paul Kuehnoel was guilty of negligence as a matter of law, and no reasonable inference can be drawn to sustain a finding by the jury to the contrary. See *Hefner v. Pattee,* 1 Wn. (2d) 607, 96 P. (2d) 583.

Appellants alleged that respondent had been contributorily negligent by reason of (1) excessive speed, (2) failure to keep a proper lookout, and (3) keep his car under control.

The version of the facts most *unfavorable* to respondent is as follows: At the time of the accident, he was driving easterly on the arterial Lakeway drive. The only evidence as to speed was his own to the effect that he was driving twenty miles an hour when he applied his brakes immediately before the impact. Evidence of the physical condi-

tions of the vehicles, after the impact, and their location is consistent with a speed of twenty miles for the respondent and ten miles an hour for appellant Paul Kuehnoel. At a distance of one hundred fifty feet, respondent saw appellant Paul Kuehnoel slowly approaching the intersection and assumed he would stop. When respondent was about fifty feet from the point of impact, he saw three cars approaching from the east at a fairly fast rate of speed. He then also saw that appellant Paul Kuehnoel had pulled out into the intersection in front of him, and he applied his brakes but a collision occurred nevertheless.

There is no evidence or inference from any facts in the record that would sustain a finding by a jury that respondent exceeded the speed limit, failed to keep a proper lookout, or did not have his car under control.

Since the record will not sustain a finding by the jury that appellant Paul Kuehnoel was not negligent or that respondent was, the verdict must be set aside and a new trial must be granted.

The order is affirmed.

DONWORTH, WEAVER, and OTT, JJ., concur.

HILL, C. J. (dissenting)—I agree with the majority that Paul Kuehnoel was negligent and that his negligence was, as a matter of law, a proximate cause of the collision between the truck he was driving and the automobile driven by Henry D. Young. I disagree with the majority's conclusion that Henry D. Young was, as a matter of law, not contributorily negligent. The majority, in its statement of the facts that were supposedly most unfavorable to Dr. Young, stated that when he

" . . . was about fifty feet from the point of impact, *he saw three cars approaching from the east at a fairly fast rate of speed.* He then also saw that appellant Paul Kuehnoel had pulled out into the intersection in front of him, and he applied his brakes but a collision occurred nevertheless." [Italics mine.]

If that was actually the situation, I would agree that Dr. Young was trapped and had no chance to avoid a collision;

however, the jury could have found that there were no cars approaching from the east. Kuehnoel so testified, and the witness, Gordon Barrett, who had his back toward the highway but heard the crash of the collision and turned immediately, did not see any cars coming from the east. Despite the fact that the drivers of these cars must have seen the collision, none of them testified. Whether there were any such cars coming from the east was, in my opinion, a jury question. The significance of the three cars is pointed up by the following testimony by Dr. Young:

"Q. You didn't try to swerve out into the other lane? A. No because there were about three other cars out here coming this way, and if I had swerved out, I would have hit those head on, and if I was over in this lane it would be bad because the man that was coming had acquired considerable speed, so it was just my choice between turning over into this lane to avoid Mr. Kuehnoel and striking this man, and I would have been pretty badly injured to turn in front of that fellow, so I decided it would be better to try to stop and, if I did hit him, the impact wouldn't be very great."

There was a clear inference in this testimony that Dr. Young had a choice of swerving to the left or of colliding with the Kuehnoel truck. If the jury did not believe that there were any cars coming from the east, they might well have believed that Dr. Young was negligent in not swerving to the left and avoiding the collision. This is the reason I cannot agree with the majority's conclusion that Dr. Young was, as a matter of law, not contributorily negligent. It was, I have indicated, a jury question, and that question the jury determined adversely to him. I would reverse the order granting a new trial and reinstate the verdict of the jury and direct the entry of judgment in accordance therewith.

June 20, 1957. Petition for rehearing denied.